IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION – COUNCIL BLUFFS

| | |
|---|---|
| GUADALUPE BRISENO SALAZAR, IGNACIO MADRIGAL PARTIDA, AND MARIA HERNANDEZ, on behalf of themselves and all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC. (d/b/a Tyson Fresh Meats, Inc.),<br><br>    Defendant | Case No. 1:08CV17<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, Tyson Foods, Inc. d/b/a Tyson Fresh Meats, Inc.[1], hereby answers the complaint in the instant Fair Labor Standards Act action with the following responses numbered to correspond with the numbered paragraphs of the complaint. Defendant denies each and every allegation of the complaint not expressly admitted below.

## INTRODUCTION

1. Defendant admits that the complaint purports to be a representative action on behalf of the individuals listed as plaintiffs and on behalf of others whom plaintiffs allege are similarly situated pursuant to Iowa state law. Defendant denies that the individuals listed as plaintiffs are similarly situated to other current or former employees at the further meat

---

[1] Plaintiffs improperly identify the Defendant in this matter as Tyson Foods, Inc. d/b/a Tyson Fresh Meats. Tyson Fresh Meats, Inc. is a separate entity and a wholly-owned subsidiary of Tyson Foods, Inc.

processing facility in Council Bluffs, Iowa, and denies all remaining factual and legal allegations in paragraph 1.

2.     Defendant admits that the complaint purports to be a representative action on behalf of the individuals listed as plaintiffs and on behalf of others whom plaintiffs allege are similarly situated pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. Defendant denies that the individuals listed as plaintiffs are similarly situated to other current or former employees at the meat processing facility in Council Bluffs, Iowa, and denies all remaining factual and legal allegations in paragraph 2.

3.     Defendant denies that Plaintiff Ignacio Madrigal Partida is an employee of the Council Bluffs, Iowa meat processing facility. Defendant admits Guadalupe Briseno Salazar and Maria Hernandez are employees of the Council Bluffs, Iowa meat processing facility. Defendant denies the remaining allegation in paragraph 3.

4.     Defendant denies the allegations in paragraph 4.

5.     Defendant denies the allegations in paragraph 5.

## JURISDICTION AND VENUE

6.     Defendant denies that the aggregate claims of the purported individual class members exceed the sum or value of $5,000,000.00. Defendant further denies that the court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Defendant admits the remaining allegations in paragraph 6.

7.     Defendant admits the allegations in paragraph 7.

## PARTIES

8.     Defendant admits the allegations in paragraph 8.

9.     Defendant denies the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits that the complaint purports to be a representative action, but denies that the individuals named as plaintiffs are similarly situated to other current and former production and support employees at its Council Bluffs, Iowa facility. Defendant admits that the individuals named as plaintiffs allege individual claims under the FLSA. Defendant denies any remaining allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

## CLASS ACTION ALLEGATIONS

13. Defendant admits that Guadalupe Briseno Salazar and Maria Hernandez have been employed at the Council Bluffs, Iowa facility within three years prior to the filing of this complaint. Defendant denies all remaining allegations in paragraph 13.

14. Defendant admits that at least 1,500 current or former production and support employees have worked at the Council Bluffs, Iowa facility between April 29, 2006, and the date of the filing of this complaint. Defendant denies all remaining allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. The allegations in paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 16.

17. The allegations in paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 17.

18. The allegations in paragraphs 18 and 18a.-j. state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraphs 18 and 18a.-j

19. Defendant denies that the individuals named as plaintiffs are similarly situated to other current and former employees at the Council Bluffs, Iowa facility. Defendant denies that the members of the purported class are readily identifiable from Defendant's records. The remaining allegations in paragraph 19 contain legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the remaining allegations in paragraph 19.

20. The allegations in paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 20.

21. The allegations in paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 21.

22. The allegations in paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 22.

## REPRESENTATIVE ACTION ALLEGATIONS

23. Defendant admits the allegation in the first sentence of paragraph 23. Defendant denies all remaining allegations in paragraph 23.

24. Defendant admits that it pays its hourly production employees for regularly scheduled time worked on the production line or in production areas. Defendant admits that it pays some of the production employees at its Council Bluffs, Iowa facility for additional minutes every day. Defendant states that all hourly employees at the Council Bluffs, Iowa facility are properly paid for all compensable time. Defendant denies all remaining allegations in paragraph 24.

25. Defendant admits that pursuant to government regulations and corporate or local policy, it requires production employees at its Council Bluffs, Iowa facility to wear certain

sanitary and protective clothing, which varies by position. Defendant admits that sanitary and protective clothing varies by plant, and may include some of the items listed in the second sentence of paragraph 25. Defendant states that some of these items may be required to be worn, and some are optional, depending on position. Defendant admits that some, but not most, of the production employees at the Council Bluffs, Iowa facility use knives and other sharp instruments, and steels or tools for maintaining them, in the course of their work. Defendant admits that some sanitary and protective clothing is designed to prevent injury to the employee or contamination of the product. Defendant denies all remaining allegations in paragraph 25.

26.    Defendant states all hourly employees at the Council Bluffs, Iowa facility are properly paid for all compensable time. Defendant denies all remaining allegations in paragraph 26.

27.    Defendant admits that employees who work in the production area generally obtain sanitary and protective clothing from their lockers at the beginning of each shift. Defendant admits that production employees must walk to the production lines, and that employees who use knives must dunk them in a tub of sanitizer on their way to their work stations. Defendant states all hourly employees at the Council Bluffs, Iowa facility are properly paid for all compensable time, and Defendant denies all remaining allegations in paragraph 27.

28.    Defendant denies the allegations in paragraph 28, and states that all hourly employees at the Council Bluffs, Iowa facility are properly paid for all compensable time.

29.    Defendant admits that production employees remove some of their sanitary and protective clothing when they take their meal periods and breaks, and put it back on when they return to the production area. Defendant denies the remaining allegations in paragraph 29.

30. Defendant admits that hourly production employees remove some items of sanitary and protective clothing at the end of their shifts and place them in the garbage or laundry, and may rinse some items and place them in their lockers or take them home. Defendant denies that it is required to compensate employees for these activities and denies the remaining allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31, and states that all hourly employees at the Council Bluffs, Iowa facility are properly paid for all compensable time.

32. Defendant denies the allegations in paragraph 32, and states that all hourly employees at the Council Bluffs, Iowa facility are properly paid for all compensable time.

33. Defendant denies the allegations in paragraph 33.

34. The allegations in paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in the first two sentences of paragraph 35. The remaining allegations in paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *et seq.*

37. Defendant incorporates by reference its responses to all preceding paragraphs.

38. Defendant admits the allegations in paragraph 38 and states that all hourly employees at the Council Bluffs, Iowa facility are properly paid for all compensable time.

39. Defendant denies that it failed to pay overtime as required by the FLSA. The remaining allegations in paragraph 39 state legal conclusions to which no response is required; to the extent a response is required, Defendant denies the remaining allegations in paragraph 39.

40. The allegations in paragraph 40 state legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations in paragraph 40.

### [PRAYER FOR RELIEF]

Defendant denies that plaintiffs are entitled to any of the relief they seek in paragraphs A through D of their prayer for relief.

### COUNT II
### Violation of Iowa Wage Payment Collection Law
### Iowa Code 91A.1 *et seq.*

41. Defendant incorporates by reference its responses to all preceding paragraphs.

42. The allegations in paragraph 42 state legal conclusions to which no response is required; to the extent a response is required, Tyson denies the allegations in paragraph 42.

43. The allegations in paragraph 43 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 43.

44. Tyson denies that it has refused, intentionally or otherwise, to pay all wages due its employees. The remaining allegations in paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the remaining allegations in paragraph 44.

45. The allegations in paragraph 45 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 45.

46. The allegations in paragraph 46 state legal conclusions to which no response is required. To the extent a response is required, Tyson denies the allegations in paragraph 46.

47. Tyson denies the allegations in paragraph 47, and states that all hourly employees at the Council Bluffs, Iowa, facility are properly paid for all compensable time.

### [PRAYER FOR RELIEF]

Tyson denies that plaintiffs are entitled to any of the relief they seek in paragraphs A through D of their prayer for relief.

### DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs are not similarly situated to each other, to the proposed class members, or to any other person or persons for the purposes of the FLSA or the purported state law claims.

3. Plaintiffs cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment.

4. Plaintiffs cannot satisfy the requirements for a class action under Federal Rule of Civil Procedure 23, thus barring class action treatment.

5. Defendant had no knowledge of, nor should it have had knowledge of any alleged off-the-clock work by the plaintiffs or any proposed class members, and it did not authorize, require, request, suffer, or permit such activity by the plaintiffs or any proposed class members.

6. If any supervisor or manager authorized, required, requested, suffered, or permitted an employee to work off the clock, such supervisor or manager acted outside the scope of his or her employment.

7. Defendant did not willfully deprive any person of any wages to which they may have been entitled.

8. Plaintiffs and other proposed class members are not entitled to recover liquidated damages because Defendant at all times acted in good faith and with reasonable grounds for believing that it had not violated the FLSA or the Iowa Wage Payment Collection Law.

9. Plaintiffs and other proposed class members are not entitled to recovery because any alleged acts or omissions were made by Defendant in good faith in conformity with and reliance on applicable administrative regulation, order, ruling, approval, or interpretation, or administrative practice or enforcement policy with respect to the class of employers to which Defendant belongs.

10. The plaintiffs and other proposed class members are not entitled to any recovery because all or part of the claims are barred by *Reich v. IBP*, 38 F.3d 1123 (10th Cir. 1994) and the negotiated settlement reached in *Herman v. IBP*, Case No. 98-2163 (D. Kan).

11. Some of the plaintiffs' and other proposed class members' claims are barred by the applicable statute of limitations.

12. All or part of the time for which plaintiffs or any proposed class members seek compensation does not constitute compensable time for purposes of the FLSA or the Iowa Wage Payment Collection Law.

13. All or part of the time for which plaintiffs or any proposed class members seek compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254.

14. All or part of the claims are barred under the *de minimis* doctrine.

15. If any of the activities are determined to be compensable, Defendant's liability to any particular employee has been fully or partially satisfied by its payment of extra time for such activities.

16. Some of the plaintiffs and other proposed class members are not entitled to relief for the pre- and post-shift activities of which they complain because the employees were covered by a bona fide collective bargaining agreement and there was a custom or practice of non-payment for such activities, thus excluding such time from the definition of "hours worked" pursuant to 29 U.S.C. § 203(o).

17. The complaint fails to state a claim against Defendant upon which compensatory damages, liquidated damages or interest can be awarded.

18. The complaint fails to state a claim against Defendant upon which attorneys' fees or costs can be awarded.

19. The Complaint fails to state a claim against defendant upon which an accounting or injunctive relief can be awarded.

20. The Court lacks subject matter jurisdiction of the plaintiffs' state law claims. The Court lacks diversity jurisdiction of the individual plaintiff claims because, based on information presently available to Defendant, none of the named plaintiffs' claims exceeds $75,000 and the aggregated claims of the putative class do not exceed $5,000,000. The Court also should decline exercise of supplemental jurisdiction because, among other reasons, the state law claims raise a novel or complex issue of state law, the state law claims substantially predominate over the claims for which the Court has original jurisdiction, and there are other compelling reasons for declining jurisdiction.

21. Plaintiffs' state law claims are barred because of a failure of consideration.

22. Plaintiffs' state law claims are barred because they have been fully paid for the work they performed.

23. Plaintiffs' state law claims are barred by the doctrine of unclean hands.

24. Plaintiffs' state law claims are barred by laches.

25. Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

WHEREFORE, Defendant respectfully requests that the complaint be dismissed with prejudice at Plaintiffs' cost, that Defendant be awarded its costs and attorney fees, and such additional relief as the Court finds appropriate.

Dated this 11th day of August, 2008.

> By: s/Steven D. Davidson
>     Steven D. Davidson
>     Allison D. Balus
>     Heidi A. Guttau-Fox (IA# 15513)
>     ICIS #AT0003021
> of  BAIRD HOLM LLP
>     1500 Woodmen Tower
>     1700 Farnam St
>     Omaha, NE  68102-2068
>     Phone: 402-344-0500
>
> and
>
> By:  Joel M. Cohn
> of  AKIN GUMP STRAUSS HAUER & FELD, LLP
>     Robert S. Strauss Building
>     1333 New Hampshire Avenue, N.W.
>     Washington, DC  20036-1564
>     Phone: 402-344-0500
>
> *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Christopher P. Welsh
    Clint J Brayton
    Hank Willson IV
    Philip A. Downey
    Shanon J. Carson
    Todd M. Schneider

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

    None.

                                                s/Heidi Guttau-Fox

DOCS/862827.1