UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| GUADALUPE BRISENO SALAZAR, IGNACIO MADRIGAL PARTIDA, and MARIA HERNANDEZ, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TYSON FOODS, INC., d/b/a Tyson Fresh Meats,<br><br>Defendant. | Case No. 1:08-cv-00017-CRW-TJS<br><br>PLAINTIFFS' SCHEDULING CONFERENCE STATEMENT |

In preparation for the scheduling conference of October 30, 2008, Plaintiffs submit the following statement:

On October 9, 2008, the Judicial Panel on Multidistrict Litigation ("JPML") denied Defendant's Motion to Transfer and refused to consolidate this case into an MDL. The parties are in agreement that this Court should lift the stay on this litigation in light of the JPML's order.

However, Defendant Tyson Foods, Inc.'s ("Defendant") unsolicited "Response" to Plaintiff's Notice regarding the JPML order makes several procedurally defective and unmeritorious demands of this Court.

First, Defendant unilaterally requests an extension of time to file its response to Plaintiffs' Motion to Proceed as a Collective Action and Facilitate Notice. Pursuant to Local Rule 7.e., Defendant had 14 days in which to respond to Plaintiffs' Motion. Assuming that deadline runs from the date of the JPML's order denying transfer, Defendant's response was due October 23, 2008. Defendant has already ignored that

1

deadline, without making a formal request for an extension, and without seeking an agreement from Plaintiffs.

Second, Defendant asks this Court to Order depositions of the named Plaintiffs *before* it responds to Plaintiffs' collective-action motion. This request comes despite the fact that Defendant has not served Plaintiffs with deposition notices under Fed.R.Civ.P. 30 or followed any of the procedural requirements for noticing and taking a deposition. Furthermore, as Plaintiffs explained in more detail in their collective-action motion, courts usually determine collective-action motions at the preliminary stage based only upon the allegations in the complaint supported by affidavits. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-1214 (5th Cir. 1995); *Brooks v. Bellsouth Telecom.*, 164 F.R.D. 561, 568 (N.D.Ala. 1995); *Sperling v. Hoffman-Laroche, Inc.*, 118 F.R.D. 392, 406-07 (D.N.J. 1988), *aff'd* 493 U.S. 165 (1989). Defendant's procedurally defective request for depositions is simply inappropriate at this stage of the collective-certification process.

Finally, Defendant's "Response" argues that this Court should deny equitable tolling for putative class members during the time this case was stayed. Defendant makes this argument despite the fact that the parties have fully briefed Plaintiffs' request for equitable tolling. Many other courts have granted tolling in these circumstances. *See, e.g., Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 200 (S.D.N.Y.2006); *Owens v. Bethlehem*, 630 F.Supp. 309, 312 (S.D.W.Va. 1986); *Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 543 (N.D.Cal. 2007); *Baldozier v. Am. Family Mut. Ins.*, 375 F.Supp.2d 1089, 1093 (D.Colo. 2005); *Baden-Winterwood v. Life Time Fitness*, 484 F.Supp.2d 822, 829 (S.D.Ohio 2007); *Perry v. National City Mortg., Inc.*, 2007 WL

2122417, *1 (S.D.Ill. 2007).  Defendant's attempt to have two bites at the apple on this issue should be disregarded.

In light of the foregoing, Plaintiffs respectfully request that this Court:

- deny Defendant's Motion to Stay;

- grant Plaintiffs' Motion to Proceed as a Collective Action and Facilitate Notice, filed August 4, 2008.  According to Local Rule 7.e., Defendant had 14 days in which to respond to Plaintiffs' Motion; 14 days from the date of the JPML's order denying transfer was October 23, 2008.  In the alternative, Plaintiffs request that this Court order Defendant to respond to Plaintiffs' Motion by a date certain;

- deny or ignore Defendant's procedurally defective and unsolicited request to take the depositions of the named Plaintiffs (without serving deposition notices) before responding to Plaintiff's collective-action Motion;

- set a hearing and Case Management Conference to decide Plaintiffs' collective-action Motion; and

- entertain discussion at the hearing and Case Management Conference regarding Plaintiff's request for equitable tolling of the statute of limitations for the claims of absent putative class members—contained in Plaintiffs' Resistance to Defendant's Motion to Stay—given Defendant's delay of this litigation through the Motion to Stay.

Respectfully submitted,

 /s/ Hank Willson

Todd M. Schneider (admitted *pro hac vice*)
Clint J. Brayton (admitted *pro hac vice*)
W.H. "Hank" Willson, IV (admitted *pro hac vice*)
SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
wwillson@schneiderwallace.com

Shanon J. Carson (admitted *pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-4656
Fax: (215) 875-4604
scarson@bm.net

Philip A. Downey (admitted *pro hac vice*)
P.O. Box 736
Unionville, Pennsylvania 19375
Tel: (610) 324-2848
Fax: (610) 347-1073
downeyjustice@gmail.com

Christopher P. Welsh (State Bar No. AT0008451)
WELSH & WELSH, P.C., L.L.O.
9290 West Dodge Road
100 The Mark
Omaha, Nebraska 68114
Tel: (402) 384-8160
Fax: (402) 384-8211

Attorneys for Plaintiffs and the putative class

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2008 I electronically filed:

    PLAINTIFFS' SCHEDULING CONFERENCE STATEMENT

with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

    Christopher P. Welsh
    Steven D. Davidson
    Heidi A. Guttau-Fox
    Allison D. Balus
    Joel M. Cohn
    Michael J. Mueller
    Philip A. Downey
    Shanon J. Carson
    Todd M. Schneider
    Hank Willson
    Clint J Brayton

Date: October 29, 2008                  Respectfully submitted,

                                              /s/ Hank Willson

                                          Todd M. Schneider (admitted *pro hac vice*)
                                          Clint J. Brayton (admitted *pro hac vice*)
                                          W.H. "Hank" Willson, IV (admitted *pro hac vice*)
                                          SCHNEIDER WALLACE
                                          COTTRELL BRAYTON
                                          KONECKY LLP
                                          180 Montgomery Street, Suite 2000
                                          San Francisco, California 94104
                                          Tel: (415) 421-7100
                                          Fax: (415) 421-7105
                                          tschneider@schneiderwallace.com
                                          wwillson@schneiderwallace.com

                                          Attorneys for Plaintiffs