**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION-COUNCIL BLUFFS**

| | |
|---|---|
| AMERICA MAXWELL, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., d/b/a Tyson Fresh Meats,<br><br>Defendant. | Case No. 1:08-cv-00017-CRW-TJS<br><br><br>**FIRST AMENDED COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, on behalf of herself and all other similarly situated individuals either currently or formerly employed by Defendant Tyson Foods, Inc., d/b/a Tyson Fresh Meats ("Defendant"), at its meat processing facility in Council Bluffs, Iowa ("Council Bluffs Plant"), for their First Amended Class and Collective Action Complaint against Defendant, allege upon information and belief, except as to the allegations that pertain to the named Plaintiff and her counsel, which are based upon personal knowledge, as follows:

**I. INTRODUCTION**

1. This is a class action brought pursuant to Federal Rule of Civil Procedure 23 by Plaintiff America Maxwell on behalf of herself and all other similarly situated current and former production and support employees of Defendant's Council Bluffs Plant for the purpose of obtaining relief under Iowa law for, *inter alia*, unpaid wages, including overtime wages, breach of contract, and unjust enrichment.

1

2. The named Plaintiff also brings a representative action against Defendant under federal law pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of herself and all other similarly situated current and former production and support employees of Defendant's Council Bluffs Plant for unpaid wages and unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

3. During the class period in this case, Defendant has failed to pay Plaintiff and similarly situated employees their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by state and federal law. The uncompensated time includes, but is not limited to, time spent on the following duties: 1) preparing, donning, doffing; 2) obtaining and sanitizing sanitary and safety equipment and gear; 3) obtaining tools, equipment and supplies necessary for the performance of their work; and 4) walking between work sites after the first compensable work activity and before the last compensable work activity. These unpaid work activities took place before and after paid time, and during unpaid breaks.

4. Plaintiff and members of the class have spent as much as 45 minutes or more per day performing uncompensated work activities as described above.

## II.  **JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law class claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

### III.  PARTIES

7.      Plaintiff America Maxwell is a former employee of Defendant who worked at the Council Bluffs Plant from November 2004 through August 2007.  Plaintiff Maxwell presently resides in Omaha, Nebraska.

8.      Plaintiff brings this class action for her state law claims on behalf of herself and all other similarly situated current and former production and support employees of Defendant's Council Bluffs Plant.  Moreover, the named Plaintiff asserts federal claims under the Fair Labor Standards Act as a representative action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated current and former employees who work or worked at Defendant's meat processing facility located in Council Bluffs, Iowa.

9.      Defendant Tyson Foods, Inc. ("Defendant") is a Delaware corporation that operates meat processing facilities throughout the United States, including its Council Bluffs Plant that processes pork and cow carcasses, halves and quarters into cuts of case ready meat for sale to consumers throughout the United States.  Defendant is a corporation engaged in interstate commerce and in the production of goods in commerce throughout he United States.

## IV. CLASS ACTION ALLEGATIONS

10. The named Plaintiff, America Maxwell, is an individual who is currently within the applicable period of limitations prior to the commencement of this action, employed by Defendant at its meat processing facilities in Council Bluffs, Iowa. This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of all current and former production and support employees of Defendant's meat processing facility in Council Bluffs, Iowa (the "Class").

11. Under Defendant's wage compensation system, Plaintiff and the Class are paid only during the time that they are present on the actual production assembly line under a system known as "gang time" or "line time." Defendant as a matter of policy or practice does not pay class members for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing protective equipment and gear in the locker room, walking and waiting to obtain knives and knife sharpeners, cleaning and sanitizing knives and other equipment, walking and waiting to clock in at a designated area, and at the end of the work day after clocking out, walking to the supply room to doff and return knives and other equipment, cleaning and sanitizing knives, walking to the wash stations and then to the locker room to doff the remaining protective gear listed above.

12. Pursuant to federal regulations and Defendant's own internal policies and procedures, Plaintiff and the Class are required to wear special personal protective equipment ("PPE") and gear for protection and sanitary reasons. PPE includes, *inter alia*, metal and/or mesh aprons, plastic aprons, wrist guards, mesh and/or polar sleeves,

sheaths, gloves, rubber and/or mesh gloves, hard-hats and/or helmets, scabbards, hairnets, earplugs, coveralls, sweaters, coats, eye protection, steel-toe boots and other protective equipment and coverings. Most of Defendant's employees are exposed to biohazards and sharp objects in the course of their work and the PPE is designed to protect them from injury and the consuming public from eating meat contaminated by human borne biohazards. The PPE and other required gear are also designed to protect Defendant's meat products from contamination by food borne diseases.

13. As a consequence of the compensation system utilized by Defendant, Plaintiff and the Class are not paid at the beginning of each shift for the time it takes to obtain and don PPE, walk to and wait at the supply room to obtain knives and other equipment, sharpen knives necessary to perform their duties, walk to and wait at the sanitation stations to sanitize the required PPE, and walk to and wait at the time clock to punch in.

14. During their unpaid lunch and other paid or unpaid breaks, Plaintiff and the Class have to remove their PPE, clean their PPE, and then re-don it at the end of breaks. These employees are not paid for performing these work activities.

15. After the end of paid time, employees must finish their work on production and other activities, walk to the supply room to doff and return certain PPE, walk to and wait at the wash stations, wash their PPE, knives and gear, walk to their lockers, doff their uniforms and PPE and stow the uniforms, PPE, knives and other gear in their lockers and/or storage areas.

16. In addition, Defendant entered into contracts with Plaintiff and the Class whereby Plaintiff and the Class agreed to work for Defendant, and Defendant agreed to

pay wages in accordance with federal and Iowa law. Defendant breached these contracts, and has been unjustly enriched, because it failed to pay wages, including overtime wages, for all hours in which Plaintiff and the Class were suffered or permitted to work.

17. Despite its knowledge that time spent by Plaintiff and the Class, as described above, was compensable time under both state and federal law, Defendant has refused to fully compensate workers at its Council Bluffs Plant for any of this time.

18. Plaintiff believes that there are at least 1,500 present and former production and support class members who worked for Defendant during the relevant time period.

19. Given the size of the facility involved and the systematic nature of Defendant's failure to comply with Iowa statutory law, the members of the Class are so numerous that joinder of all members is impractical.

20. Typicality – The claims of Plaintiff Maxwell are typical of the claims of the Class in the following ways: 1) Plaintiff is a member of the Class; 2) Plaintiff's claims arise out of the same policy, practice and course of conduct that forms the basis of the class; 3) Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances; 4) there are no conflicts between the interests of the named Plaintiff and the putative class members; 5) the injuries suffered by the named Plaintiff are similar to the injuries suffered by the putative class members.

21. Adequacy – the named Plaintiff will adequately and fairly represent the Class because there is no conflict between the claims of the Plaintiff and those of the Class, Plaintiff's claims are typical of the claims of the class members, and Plaintiff has

retained counsel who are skilled and experienced in wage and hour cases and class actions and who will vigorously prosecute this litigation.

22. Commonality – Common questions of law and fact exist as to Plaintiff and the Class and predominate over any questions that affect only individual class members. Defendant's illegal conduct affected all current and former class members. Common questions include the following without limitation:

   a. Whether the work performed by Plaintiff and the Class is included in the type of work Defendant employed Plaintiff and the Class to perform;

   b. Whether the work performed by Plaintiff and the Class is compensable under federal law and/or Iowa state law;

   c. Whether Defendant has engaged in a pattern and/or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Class to perform work for Defendant's benefit which was not properly compensated;

   d. Whether Defendant has failed to permit full meal and rest periods as required by Iowa law, other applicable regulations, and/or Defendant's stated policies;

   e. Whether Defendant has failed to properly compensate Plaintiff and the Class in connection with interruptions to their meal or rest periods;

   f. Whether Defendant has failed to keep true and accurate time records for all hours worked by its employees as required by Defendant's policies and federal and state law;

   g. Whether Defendant has failed to pay Plaintiff and the Class for all of the work Defendant required them to perform;

    h. Whether Defendant has violated the Iowa Wage Payment Collection Law, Iowa Code § 91A.1 *et seq.* through its policy and practice of not paying employees for all time worked;

    i. Whether Defendant has failed to pay employees for time spent walking between work stations after the first compensable work activity and before the last compensable work activity in violation of the Iowa Wage Payment Collection Law;

    j. Whether Defendant entered into a contract with Plaintiff and the Class;

    k. Whether Defendant breached this contract with Plaintiff and the Class;

    l. Which remedies are available for breach of contract;

    m. Whether Defendant has been unjustly enriched by its failure to pay Plaintiff and the Class for all hours worked;

    n. The nature and extent of class-wide injury and the measure of damages for the injury.

23. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Class would create

the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

24.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

25.     Without a class action, Defendant will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

### V.  COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff brings a claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff brings these claims on behalf of all current and former production and support employees of Defendant who are or were required to don and doff PPE, and who are or were subject to Defendant's "gang time" compensation system at Defendant's Council Bluffs Plant.

27.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, for all claims asserted by Plaintiff for the Class, because the claims of Plaintiff are similar to the claims of the members of the Class.

28.     Members of the Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or

plan that requires or permits them to perform work, in the form of spending time or conducting activities for the benefit of Defendant, which is not compensated.

29.     Members of the Class are further similarly situated by virtue of the common questions of law and fact that exist as to Plaintiff and the Class as set forth in Paragraph 22 above.

30.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

31.     Defendant's failure to pay Plaintiff and the Class their lawful wages was and is willful. Defendant knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

32.     Despite its knowledge that time spent by Plaintiff and the Class, as described above, was compensable time under both state and federal law, Defendant has refused to fully compensate workers at its Council Bluffs Plant for any of this time.

### V.  CAUSES OF ACTION

#### COUNT I
#### VIOLATION OF THE FAIR LABOR STANDARDS ACT
#### 29 U.S.C. § 201 *et seq.*

33.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

34.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, Defendant was and is obligated to pay employees at a rate equal to one and one-half times their normal

hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

35. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), because Defendant failed to pay employees the required amount of overtime at the statutory rate, Defendant must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Plaintiff and the Class assert that Defendant's refusal to pay for time worked was willful.

36. Plaintiff and the Class are entitled to reimbursement of their costs and attorneys' fees if they are successful in prosecuting an action for unpaid overtime wages.

## COUNT II
### Violation of The Iowa Wage Payment Collection Law
### Iowa Code § 91A.1 *et seq.*

37. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

38. Upon information and belief, the Class period for this cause of action is at least April 2006 to the present.

39. Pursuant to the Iowa Wage Payment Collection Law, Iowa Code § 91A.1 *et seq.*, Defendant is required to pay all wages owed to its employees.

40. Defendant has intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Class in violation of the Iowa Wage Payment Collection Law, Iowa Code § 91A.1 *et seq.*

41. Defendant is not permitted by state or federal law to withhold or divert any portion of Plaintiff's and class members' wages that are at issue in this Complaint. Defendant does not have written authorization from Plaintiff or any Class Member to

11

withhold, divert or deduct any portion of Plaintiff's and class members' wages that are at issue in this Complaint.

42. Pursuant to the Iowa Wage Payment Collection Law, Iowa Code § 91A.1 *et seq.*, and specifically Iowa Code § 91A.8, employers such as Defendant who intentionally fail or refuse to pay an employee wages in conformance with the statute shall be liable to the employee for any wages or expenses that were not paid, plus liquidated damages, costs and usual and necessary attorneys' fees incurred in recovering the unpaid wages or expenses.

43. Defendant has violated Iowa state law by failing to pay Plaintiff and the Class for all compensable time and by failing to pay Plaintiff and the Class for all work time, including overtime, at the established rate.

## COUNT III
### Violation of Iowa State Law
### Breach of Contract

44. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

45. Defendant offered, and Plaintiff and the Class accepted, employment with Defendant creating a contract of employment.

46. The consideration for each contract of employment was the payment of wages as agreed upon by Defendant and the Class, including Plaintiff.

47. Inherent in every contract of employment are the terms and conditions of employment guaranteed by applicable federal and state wage and hour laws, including the FLSA and Iowa state law.

48. Plaintiff and the Class, by accepting employment and working for Defendant, performed all conditions precedent to performance by Defendant.

49. Defendant breached this contract of employment by not providing wages for all hours worked, including overtime wages.

50. Plaintiff and the Class were damaged by Defendant's breach in that they worked hours for which they should have been compensated, but were not compensated because of Defendant's breach.

51. Plaintiff and the Class are entitled to recover all wages to which they are owed by contract, and all other damages resulting from this breach of contract.

## COUNT IV
## Violation of Iowa State Law
## Unjust Enrichment

52. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

53. Defendant offered, and Plaintiff and the Class accepted, employment with Defendant creating a contract of employment.

54. The consideration for each contract of employment was the payment of wages for all hours worked as agreed upon by Defendant and by Plaintiff and the Class.

55. Plaintiff and the Class conferred on Defendant the benefit of their services.

56. Defendant has appreciated the benefit of these services without paying Plaintiff and the Class for the full value of their services.

57. Defendant's acceptance of this benefit without paying Plaintiff and the Class for the full value of their services is inequitable under the circumstances detailed herein.

58. Plaintiff and the Class are entitled to recover the reasonable value of their services, including all wages owed, and all other damages arising out Defendant's failure to pay Plaintiff and the Class for their services.

## VI.  PRAYER

WHEREFORE, Plaintiff prays for the following relief against Defendant Tyson:

A. That this Court permit this action to go forward as a representative action pursuant to 28 U.S.C. § 216(b) and approve notice of this action to all other similarly situated at Tyson's Council Bluffs facility.

B. That this Court determines that this action may be maintained as a "class action" pursuant to Fed. R. Civ. P. 23; and determines that this action may be maintained as a "collective action" pursuant to the FLSA.

C. That this Court determines that Defendant Tyson's conduct in denying wages to Plaintiff and the Class was willful.

D. That this Court award damages corresponding to the reasonable value of the services rendered to Defendant Tyson whereby Defendant was unjustly enriched.

E. That this Court order an accounting of lost wages for Plaintiff and the Class;

F. That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

G. That this Court order injunctive relief, mandating that Defendants pay its current and future hourly employees for all time worked.

//
//
//

>    H.  That this Court order attorneys' fees, costs, and any additional relief deemed appropriate.

Date: March 25, 2009                    Respectfully submitted,

                                         /s/ Andrew P. Lee
                                        Attorneys for Plaintiff

| | |
|---|---|
| Todd M. Schneider (admitted *Pro Hac Vice*)<br>Clint J. Brayton (admitted *Pro Hac Vice*)<br>Andrew P. Lee (admitted *Pro Hac Vice*)<br>SCHNEIDER WALLACE<br>COTTRELL BRAYTON KONECKY LLP<br>180 Montgomery Street, Suite 2000<br>San Francisco, California 94104<br>Tel: (415) 421-7100<br>Fax: (415) 421-7105<br>TTY: (415) 421-1665<br>tschneider@schneiderwallace.com<br>cbrayton@schneiderwallace.com<br>alee@schneiderwallace.com | Shanon J. Carson (admitted *Pro Hac Vice*)<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, Pennsylvania 19103<br>Tel: (215) 875-4656<br>Fax: (215) 875-4604<br>scarson@bm.net |
| Philip A. Downey (admitted *Pro Hac Vice*)<br>The Downey Law Firm, LLC<br>P.O. Box 736<br>Unionville, Pennsylvania 19375<br>Tel: (610) 324-2848<br>Fax: (610) 347-2507<br>downeyjustice@gmail.com | Christopher P. Welsh<br>WELSH & WELSH, PC, LLO<br>9290 West Dodge Rd<br>100 The Mark<br>Omaha, NE  68114<br>Tel:  402-384-8160<br>Fax:   402-384-8211<br>cwelsh@welsh-law.com |

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 25, 2009, I electronically filed the forgoing **AMENDED COMPLAINT** with the Clerk of the Court using the Court's CM/ECF filing system, which will serve notice of electronic filing upon the following:

    Allison D Balus
    Clint J. Brayton
    Shanon J. Carson
    Joel M Cohn
    Steven D Davidson
    Philip A Downey
    L. Traywick Duffie
    Heidi A Guttau-Fox
    Michael J Mueller
    Todd M. Schneider
    Christopher P Welsh
    W. H. "Hank" Willson, IV

And I hereby certify that I have served the document by electronic mail to the following non CM/ECF participant:

    Jonathan D Berger at jdberger@bm.net

    /s/ _____
    Andrew P. Lee (admitted *pro hac vice*)
    Schneider Wallace
    Cottrell Brayton Konecky LLP
    180 Montgomery Street, Suite 2000
    San Francisco, CA 94104
    Tel: (415) 421-7100
    Fax: (415) 421-7105
    alee@schneiderwallace.com
    Attorneys for Plaintiffs