# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| AMERICA MAXWELL, on behalf of herself and all other similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC. d/b/a Tyson Fresh Meats, Inc.,<br><br>    Defendant. | CIVIL NO. 1:08-CV-00017-JAJ-TJS<br><br>**ORDER** |

Before the court are the following motions which pertain to the scheduling and taking of the depositions of trial witnesses for this case: Defendant's Motion to Compel, for Sanctions, and for a Protective Order Regarding Trial Witness Depositions (Document No. 301) filed on August 27, 2012; Plaintiff's Motion for a Protective Order (Document No. 304) filed on August 29, 2012; and Plaintiff's Motion for Protective Order Regarding Deposition Notice and Motion to Quash (Document No. 308) filed on August 31, 2012. The parties requested expedited relief and, consequently, the court set and held a telephonic hearing on September 6, 2012.

To avoid further delay in resolving the parties' disputes over the depositions, the court incorporates herein by reference the background information set forth in the parties' written submissions and presented orally during the hearing. It is noteworthy, however, that trial for this case remains scheduled to begin October 22, 2012. Also, pursuant to an Order (Document No. 293) entered August 6, 2012, the parties were allowed until August 24, 2012,

to supplement their final trial witness lists and depositions of trial witnesses were to be completed no later than September 22, 2012.  Within the same Order, this magistrate judge denied plaintiff's motion for continuance of the trial date, and plaintiff filed objections to that ruling which are pending before United States District Court Judge John A. Jarvey. (*See* Plaintiff's Motion for Review and Reconsideration of Magistrate Judge Shield's Order of August 6, 2012 (Document No. 297).)

The present dispute arose when defendant began efforts to schedule the deposition of plaintiff's trial witnesses after the parties exchanged their initial witness lists on August 3, 2012.  On August 14th, defendant served notices for depositions of plaintiff's witnesses for August 27-30 and September 5-7.  Later that day, plaintiff served notices for depositions of defendant's witnesses for the same dates and locations.  Neither plaintiff's counsel nor plaintiff's trial witnesses appeared for the depositions on August 27th or the following days.

As a result, at 10:39 pm on August 27th, defendant filed its motion which was followed by plaintiff's motions.  In the court's view, these motions are the unfortunate product of a complete failure of counsel to confer in good faith on the routine task of scheduling depositions.  To avoid any further delay, and timely complete the depositions before trial, it is hereby ordered as follows:

> All previous notices of depositions of trial witnesses are quashed.  The parties shall have until September 28, 2012, to reschedule and complete the depositions of trial witnesses.  Counsel shall confer immediately upon receipt of this Order to coordinate the scheduling of the depositions for the trial witnesses, both for plaintiff and defendant, within the next three weeks.

Plaintiff shall identify during the conference which witnesses will require an interpreter or, if unable at that time, provide 48 hours notice of any interpreters needed for the depositions.

The depositions of plaintiff's trial witnesses shall be limited to 4 hours, unless otherwise agreed to by counsel prior to the scheduling of the deposition. If defendant believes a specific witness will require additional time, counsel must identify any such witness and provide plaintiff's counsel with specific, legitimate reason for the additional time requested. Plaintiff shall make reasonable efforts to grant any additional time requested by defendant. No witness shall be deposed beyond 7 hours.

Defendant's request to complete the depositions of plaintiff's trial witnesses prior to the depositions of defendant's trial witnesses is denied. Instead, scheduling shall be coordinated according to availability of the witnesses with the primary purpose of completing all the depositions by September 28, 2012.

Plaintiff's request to provide defendant with completed questionnaires from trial witnesses who have not previously provided discovery responses, instead of answering the interrogatories served by defendant, is denied. The request is without sufficient basis and untimely in light of the scheduling deadlines and trial date set for this case.

The court reserves ruling on the award of sanctions to any party at this time, but notes its opinion that counsel for both parties failed in certain aspects to communicate professionally

- 4 -

and effectively, and bring this matter to the court's attention, if even necessary, in a more timely manner.  Consequently, the failure to confer and cooperate in good faith as to the scheduling and taking of depositions moving forward will likely result in monetary sanctions imposed on counsel.  The failure of any witness who does not appear for his or her deposition as scheduled will likely be precluded from testifying at trial.

       IT IS SO ORDERED.

       Dated September 7, 2012.

_____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE